# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2272
_____

United States of America

*Plaintiff - Appellee*

v.

Sean Andrew Nolan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 28, 2012
Filed: January 11, 2013
[Unpublished]

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Sean Nolan appeals after he pled guilty to a child-pornography charge and the district court[1] imposed a within-Guidelines-range sentence, but ordered that a portion

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

of his prison term run consecutively to a state sentence he was serving for the same conduct. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that Mr. Nolan's sentence is substantively unreasonable because the district court did not adequately consider (1) his history and characteristics, or (2) the severity of his state sentence--particularly because the consecutive sentencing resulted in a total amount of imprisonment exceeding the statutory maximum for the federal offense. In addition, counsel has moved to withdraw, and Mr. Nolan has moved for appointment of counsel.

Upon careful review, we conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 460-62 (8th Cir. 2009) (en banc) (describing appellate review of sentences). We note that the district court appropriately considered and weighed only relevant sentencing factors, including Mr. Nolan's history and characteristics and the severity of his state sentence. See id. at 461 (district court abuses its discretion when it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing relevant factors). We further conclude that it was not unreasonable for the district court to order that a portion of Mr. Nolan's prison term run consecutively to his undischarged state sentence, especially because the district court thoroughly considered the 18 U.S.C. § 3553(a) factors. See United States v. Fight, 625 F.3d 523, 525-26 (8th Cir. 2010) (finding no substantive unreasonableness where consecutive sentences individually did not exceed statutory maximum, but collectively did; district court has broad statutory authority to impose consecutive terms so long as § 3553(a) factors are considered), cert. denied, 131 S. Ct. 2474 (2011).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to

counsel informing Mr. Nolan about procedures for seeking rehearing or filing a petition for certiorari.  We also deny Mr. Nolan's motion for appointment of counsel.

_____